UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CAUSE NO. SA-21-CR-52(1)FB |
| | § |
| CHANCE ANTHONY UPTMORE | § |

## DEFENDANT'S OBJECTIONS TO PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant CHANCE ANTHONY UPTMORE files this objection and response to the Government's suggested findings of fact and conclusions of law (Doc.59), urging the Court to reject the suggestions and let the motion, rulings, and transcript serve as the record of proceedings in this case; without the additional prosecution spin proposed by the Government post trial. The objection is the Government filing is untimely and violates Due Process. Defendant also objects to procedural history and bench trial evidence omissions in the Government's filing (Doc.59).

The Government's procedural history omits the reason for proceeding in this case by bench trial. The Government reneged or could not comply with an agreement with the defense to consolidate this case for guilty plea under Rule 20 F.R.Crim.P. with the misdemeanor case pending against Defendant in Washington, D.C. (21-CR-00149(1)RCL), arising from Defendant's participation in the January 6th protest at the U.S. Capitol.

The Government's procedural history omits the Court was made aware pretrial, more than once, of Defendant's desire to enter a guilty plea to the charged offense and reserve the right to appeal the Court's ruling on his Motion to Dismiss. A bench trial was made necessary by the Government's refusal to consent to a conditional plea of guilty to the charge to permit Defendant to appeal the Court's adverse ruling on the pretrial Motion to Dismiss the Indictment.

The Government's proposed conclusions of law distort Defendant's pretrial motion to dismiss: a facial Constitutional challenge to the statute as vague and overbroad. Defendant's motion takes issue with Congress' failure to define the necessary element term "unlawful drug user or addict", and the inappropriateness of judicially fixing the statute by engrafting a federal regulation definition or plain English definition of the term, as done previously by the Fifth Circuit in *United States v. Patterson*, 431 F.3d 832, 838-39 (5th Cir. 2005), and United States v. McCowan, 469 F.3d 386, 391(5th Cir. 2006).  The transcript of the Court's ruling on the record is clear, including the Court's recognition that this challenge must be heard by the Court of Appeals.  The Government's proposed conclusions of law do not appear in the record, and distort it with respect to the Constitutional issue(s) raised by Defendant.

The Government omits the Supreme Court precedent post-dating, implicitly overruling, and irreconcilable with the Fifth Circuit's "judicial gloss" in Patterson and McCowan, judicial gloss itself can be "so standard less that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 597-601 (2015) [surveying judicial gloss of statutes and holding residual clause of Armed Career Criminal Act unconstitutionally vague).

The Government also omits items from its factual summary. The entire purpose and probable cause for the January 18, 2021, federal search warrant for 15411 Pebble Gate was for electronic devices and any documents or photographs relating to the events at the U.S. Capitol on January 6th.  No history or probable cause to search for controlled substances is mentioned in the search warrant and affidavit, and all controlled substances were discovered or in plain view while executing the search warrant.  Defendant did notify agents that the single loaded firearm was in his bedroom in a nightstand and made clear it belonged to the family for home protection. And, using the "gross weights" of the controlled substances grossly distort the amounts of

controlled substances found by including the weight of boxes, mason jars and other glass containers, as well as single and double plastic packaging.

      WHEREFORE PREMESIS CONSIDERED, Defendant respectfully prays the Court reject the suggestions and let the motion, rulings, and transcript serve as the record of proceedings in this case; without the additional prosecution spin proposed by the Government post trial.

      Respectfully Submitted,

/s/ John A. Convery
John A. Convery

Hasdorff & Convery, P.C.
One International Center
100 N.E. Loop 410, Suite 650
San Antonio, Texas 78216
(210) 738-9060
(210) 738-9426 fax
hasconpc@aol.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing Findings of Fact and Conclusions of Law was filed with the U.S. District Clerk's Office for the Western District of Texas via the CM/ECF Electronic Filing System and a copy was delivered to the U.S. Attorney's Office.

/s/John A. Convery
John A. Convery